OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Office of Disciplinary Counsel v. Stevens.
[Cite as Disciplinary Counsel v. Stevens (1993),      Ohio St.3d      .]
Attorneys at law -- Misconduct -- Indefinite suspension --
     Reciprocal discipline for resigning from the Florida Bar
     in lieu of disciplinary proceedings with leave to seek
     readmission after ten years.
     (No. 93-1815 -- Submitted November 10, 1993 -- Decided December 29, 1993.)
     On Certified Order of the Supreme Court of Florida, No. 79,905.

Respondent, A. Karl Stevens, Jr. of Brandon, Florida, Attorney Registration No. 0033114, has been admitted to the practice of law in the state of Ohio. On August 27, 1992, the Supreme Court of Florida granted respondent's petition whereby he would resign as a Florida attorney in lieu of disciplinary proceedings, with leave to seek readmission after ten years. Under Florida Disciplinary Rule 3-7.12, a petitioner may resign from the Florida Bar during the progress of disciplinary proceedings if he files a petition for leave to resign containing a statement of all past and pending disciplinary actions and criminal proceedings against him. Under Gov. Bar R. V 11(F), we may impose reciprocal discipline in Ohio.

According to respondent's petition filed with the Supreme Court of Florida, the Florida Bar Grievance Committee was investigating respondent's failure to terminate his representation of a client and to inform the client that he had been suspended from the practice of law. Respondent's petition also reported that respondent had pled guilty to one count of uttering a forged instrument, a third degree felony; one count of forgery, a third degree felony; and one count of grand theft, a second degree felony. Respondent received a sentence of two years community control followed by two years of probation, with adjudication being withheld. Finally, the petition stated that the Florida Supreme Court had imposed the following disciplinary action on respondent: public reprimand on July 17, 1986, for neglect; suspension for eighteen months on June 4, 1990, for trust account violations, false

statements, conflict of interest and dishonesty, fraud, deceit, or misrepresention; and suspension for three years followed by probation consecutive with the eighteen-month suspension imposed on June 4, 1990, for neglect and communication.

The Office of Disciplinary Counsel filed a certified copy of the Florida court's order with the Clerk of the Supreme Court of Ohio on September 8, 1993. On September 9, 1993, we ordered respondent to show cause why we should not impose identical or comparable discipline in Ohio. Respondent replied to the show cause order but has failed to show cause why we should not impose reciprocal discipline.

Geoffrey Stern, Disciplinary Counsel, and Alvin E. Mathews, Assistant Disciplinary Counsel, for relator.

A. Karl Stevens, Jr., pro se, for respondent.

Per Curiam. Respondent's resignation from the Florida Bar was disciplinary in nature. Accordingly, we indefinitely suspend respondent from the practice of law in Ohio, effective August 27, 1992. This court will not entertain respondent's petition for reinstatement in Ohio until he submits proof of his readmission to the practice of law in Florida. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.